## SODERSTROM, Adm'r, et al. v. BONNER.

No. 27167.  May 4, 1937.

Rehearing Denied June 8, 1937.

Hamilton & Howard, for plaintiffs in error.

C. S. Macdonald and F. W. Files, for defendant in error.

PHELPS, J.  Irene Doris Martin Bonner was a restricted, unallotted, member of the Osage Tribe of Indians of the one-half blood, owning at the time of her death certain real estate in Osage county, interests in Osage Indian headrights, and certain money to her credit as such restricted Osage Indian in the Treasury of the United States.

In the year 1934, in the state of New Mexico, where she was at that time residing, she owned a small amount of personal property, and in that year she made her will and died.  Surviving her were her husband, Freeman L. Bonner, defendant in error, and Beverly Ann Mills, a minor, daughter of decedent by a former marriage, whose guardian ad litem is a plaintiff in error.

To her husband she bequeathed her personal property, of negligible value, and to her daughter she devised and bequeathed all of the remainder of her estate, both real and personal, consisting of the property in Osage county.  The will was approved by the Secretary of the Interior, and admitted to probate in Osage county.

The surviving husband elected to take under the laws of succession and distribution, instead of the will, and the county court, and the district court on appeal, accordingly decreed him one-half of the estate under the provisions of section 1539, O. S. 1931. That section in part provides that no spouse shall bequeath away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law.  And through succession by law the surviving husband would, under the first subdivision of section 1617, O. S. 1931, where only one child survives the deceased spouse, receive one-half of the estate.

The administrator of the estate of the decedent, and the guardian ad litem of Beverly Ann Mills, daughter of decedent, contended in the trial courts, and now contend in this court, that the provisions of section 8, Act of Congress of April 18, 1912 (37 Stat. at L. 86, 88), permitted the decedent to dispose of her property as she saw fit, and that she was not bound by the provisions of section 1539, O. S. 1931, supra, to leave her husband one-half of her estate.  The contention in this respect is supported by authorities construing the various acts of Congress in connection with wills executed by members of the Five Civilized Tribes, holding in substance that where Congress has provided a particular plan of disposition in wills, such provision is exclusive and that the will in such cases is not governed by the laws of Oklahoma.  This, however, is an Osage will, and we are governed by section 8, Act of Congress of April 18, 1912 (37 Stat. at L. 86, 88), which reads:

"That any adult member of the Osage Tribe of Indians not mentally incompetent may dispose of any or all of his estate, real, personal, or mixed, including trust funds, from which restrictions as to alienation have not been removed, by will, **in accordance with the laws of the state of Oklahoma;** provided, that no such will shall be admitted to probate or have any validity unless approved before or after the death of the testator by the Secretary of the Interior."

Since the filing of the briefs in this case we have decided the question at issue here.  In the case of In re Revard's Estate, 178 Okla. 524, 63 P. (2d) 973, we considered this question at length and arrived at the conclusion that Congress, in granting this class and tribe of Indians the right to dispose of their property by will, by the statute copied supra, intended that the laws of the state of Oklahoma should govern the disposition provided by said wills.  It is unnecessary to again discuss the question

at length, as was done in that opinion. By reference to that decision, and particularly that portion of the opinion referred to by paragraph 4 of the syllabus, it is obvious that the judgment should be affirmed.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and HURST, JJ., concur.